# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES DIXON, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CV411-196 |
| ROBERT TOOLE, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

On April 9, 1994, Charles Dixon murdered Sundie Carter, the mother of one of his children, after she terminated their relationship. *Dixon v. State*, 275 Ga. 232, 232-33 (2002). He broke into her home and strangled her with a telephone cord. *Id.* She was found partially wrapped in a bedspread stained with a mixture of her blood and Dixon's. *Id.* Dixon's son and another child witnessed the murder, and both identified him as the murderer. *Id.* Dixon also confessed the crime to another inmate, explaining that he had killed Cutter because she had slept with another man. *Id.* He was convicted and sentenced to life imprisonment on July 21, 2000. *Id.* at n.1.

Dixon has filed a 28 U.S.C. § 2254 petition challenging his conviction. (Doc. 1.) He does not contest respondent's assertion that he filed the petition more than one year after his conviction became final on direct review. (Doc. 13-1 (gov't motion to dismiss as untimely); doc. 18 (Dixon's response).) Instead, he points to an affidavit from his son, who has recanted his trial testimony, and argues that his motion is timely under 28 U.S.C. § 2244(d)(1)(D), which allows a prisoner to file his petition within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Doc. 18 at 1-4.)

The trouble for Dixon is that while he filed and appealed an extraordinary motion for a new trial in state court (doc. 18 at 3), he did not pursue any state collateral relief (i.e., a state habeas petition) on his new "actual innocence" claim. Hence, he has failed to exhaust his available state remedies, and under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the

courts of the State."[1]  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.").[2]

While Dixon has filed two state habeas petitions, he has not yet raised his actual innocence claim in a state habeas proceeding. (Doc. 15-2 (first state habeas order denying relief); doc. 15-6 (second state habeas order denying relief).) Dixon has thus deprived the state court of a fair opportunity to address his new claim before bringing his petition to this Court.[3] Since it "plainly appears from the petition . . . that the petitioner

---

[1] An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

[2] As an encyclopedist explains:

The petitioner bears the burden of showing exhaustion of state remedies in accordance with 28 U.S.C.A. § 2254(b). The petitioner may discharge the initial burden of proof by stating the facts in the petition and by providing copies of briefs filed in state court or of state-court opinions demonstrating that the same issues have been presented to the state courts. Notwithstanding the petitioner's burden of proof, the district court may facilitate disposition of the petition by seeking information from the state to resolve any ambiguity concerning exhaustion of remedies in the petition.

16A FED. PROC., L. ED. § 41:264 (2011) (footnotes omitted).

[3] This does not amount to "needless 'judicial ping-pong,'" *Snowden v. Singletary*, 135 F.3d 736, 737 (11th Cir. 1998)), since the claim is not successive and may survive Georgia's procedural default rule under the "miscarriage of justice"

3

is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.

Finally, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this <u>5th</u> day of December, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

exception. *See Gibson v. Head,* 282 Ga. 156, 156-59 (2007) (claim that could not be discovered until after initial habeas petition is not successive under O.C.G.A. § 9-14-51); *Walker v. Penn*, 271 Ga. 609, 611 (1999) (discussing "miscarriage of justice" exception and noting that it requires new reliable evidence not presented at trial).